**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WILLIAM MATOS,**

        **Plaintiff,**

**-vs-**                                                                     **Case No.  6:14-cv-1396-Orl-DAB**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for disability insurance benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability, disability insurance benefits, and Supplemental Security Income, alleging that he became unable to work on April 1, 2006 (R. 223-235). The applications were denied initially and upon reconsideration, and he requested and received a hearing before an administrative law judge ("the ALJ"). At hearing, Plaintiff amended his alleged onset date to April 1, 2007 (R. 57).

On February 5, 2013, the ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 32-53). Plaintiff sought administrative review before the Appeals Council. The Appeals Council took separate actions on Plaintiff's claims (R. 1). Regarding the claim for Supplemental Security Income, the Appeals Council reviewed the ALJ's decision and issued its own partially favorable decision, finding Plaintiff became disabled on June 19, 2011 (R. 9-19). Regarding the claim

for disability insurance benefits, the Appeals Council denied Plaintiff's request for review (R. 1-8), making the ALJ's decision the final decision of the Commissioner with respect to that application.

Plaintiff timely filed his Complaint (Doc. 1) and is seeking review of only the Appeals Council's denial of his request for review of the application for disability insurance benefits. The parties have consented to the jurisdiction of the United States Magistrate Judge and the matter is fully briefed and ripe for review pursuant to 42 U.S.C. §405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to "severe psoriasis over whole body," asthma, hypertension, and arthritis in right knee and ankle (R. 250, 261).

*Summary of Evidence Before the ALJ*

At the time Plaintiff's insured status expired (December 31, 2010) he was 54 years old (R. 225), with an eleventh grade education and past relevant work as a fast food cook, material handler, and banquet and warehouse manager (R. 82-83, 251-52, 268-75).

In the interest of privacy and brevity, the medical evidence relating to the pertinent time period will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert ("VE"), written forms and reports completed by Plaintiff, and opinions from examining and non-examining state agency consultants. By way of summary, the ALJ determined that the claimant has severe impairments of right ankle arthrosis and psoriasis (20 CPR 404.1520(c) and 416.920(c)) (R. 37), but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 38-9). The ALJ next found that Plaintiff had the residual functional capacity ("RFC") to perform:

> less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he could occasionally lift and carry twenty pounds and frequently lift or carry ten pounds. He could stand or walk for six hours in an eight hour workday. He could sit for six hours in an eight hour workday. He is not capable of climbing ladders, ropes or scaffolds. He must avoid exposure to extreme heat, cold, wetness and humidity. He could occasionally bend, balance, stoop, crawl, crouch and kneel. The claimant is capable of simple, routine and repetitive tasks.

(R. 39).

Relying on the assistance of the VE, the ALJ found Plaintiff was unable to perform his past relevant work (R. 45) but determined that there are jobs that exist in significant numbers in the national economy that the claimant could perform (R. 46). Therefore, the ALJ found Plaintiff was not disabled during the relevant time period (R. 47).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable

as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises three objections to the administrative decision, contending that: 1) the ALJ and Appeals Council failed to apply the correct legal standards to the opinion of podiatrist Dr. Reeves; 2) because the Commissioner did not properly consider Dr. Reeves' opinion, the credibility determination is not in accord with proper legal standards and is not supported by substantial evidence; and 3) the ALJ failed to consider the effects of claimant's obesity. The Court examines these issues in the context of the sequential assessment used by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step four, while at step five the

burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). As the objections here relate to the formulation of the RFC, the burden was with Plaintiff with respect to this issue.

*The opinion of Dr. Reeves*

On September 17, 2012, well over a year and a half after the date last insured, Plaintiff first presented to Christopher L. Reeves, D.P.M., for evaluation of foot pain (R. 498-99). X-rays revealed evidence of osseous breakdown in the right foot, with significant subtalar joint arthrosis. *Id.* A September 20, 2012 CT scan of the right foot and ankle revealed mild ankle degenerative changes and significant subtalar joint arthrosis with some cystic changes (R. 479, 495). On return visit October 1, 2012, assessment remained subtalar joint arthrosis, and Plaintiff was prescribed a custom brace (R. 495). These are the only two visits of record to this podiatrist.[1]

On the day of the administrative hearing, December 17, 2012, Plaintiff's attorney submitted additional evidence, via facsimile (R. 56). The fax consisted of three pages (R. 27), which were received and listed as Exhibit 21F (R. 506-08). The first page is a cover sheet with a unique barcode for Plaintiff's case folder (R. 506). The two remaining pages are undated and unsigned, but purport to be a medical source statement, listing various limitations (R. 507-08). The ALJ discussed this exhibit in his administrative decision and gave it no weight, stating:

> An unsigned and undated Medical Source Statement Of Ability To Do Work-Related Activities (Physical) was provided subsequent to the claimant's hearing. It was noted the claimant could occasionally lift and/or carry less than ten pounds and frequently lift and/or carry less than ten pounds. He could only stand and/or walk less than two hours in an eight hour workday. When sitting, the claimant must periodically alternate between sitting and standing to relieve his pain or discomfort. His lower extremities have limitations in pushing and/or pulling. It was noted the claimant suffered a motor vehicle accident many years ago. He has had multiple injuries to his lower extremity secondary to this. He complains of pain and discomfort in both feet, mostly on the

---

[1] It appears that Plaintiff returned to the office on November 12, 2012, and was seen by Dr. Bunster, covering for Dr. Reeves (R. 493). At that visit, Plaintiff reported that the brace has helped, but he still has "occasional pain in his right foot and ankle." *Id.* Assessment was degenerative arthritis versus psoriatic arthritis. *Id.*

-5-

> right. X rays reveal evidence of osseous breakdown of the right foot with significant subtalar joint arthrosis. A cat scan of the right foot and ankle showed mild ankle degenerative changes and significant subtalar joint arthrosis with some cystic changes. The sinus tarsi has some stiffness and pain with inversion and eversion of subtalar joint. The claimant could never climb ramps, stairs, ladders, ropes or scaffolds. He could never balance, kneel, crouch, crawl or stoop. Due to the post traumatic arthritic changes to the right foot and ankle, the claimant has limited flexibility and strength. He also had pain and discomfort on ambulation and the Ritchie brace on the right lower extremity was provided to assist in ambulation and reduce pain (Exhibit 21F).
>
> This document was reviewed, but given no weight, since there was no confirmation that it came from an acceptable medical source.

(R. 43-44). Plaintiff challenges this finding on several grounds. On review, the Court finds the objections to be without merit.

According to Plaintiff, Exhibit 21F is actually an incomplete copy of the December 17, 2012 opinion of Dr. Reeves, and argues that the ALJ "should have been aware that it was incomplete" and "should have recontacted [Plaintiff's counsel] to obtain the complete document." The failure to do so, according to Plaintiff, is a breach of the ALJ's duty to develop the record.

The ALJ has the basic obligation to develop a full and fair record, even when, as here, a claimant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981). This includes the responsibility to develop a claimant's medical history for the 12 months preceding the month in which the application was filed. *See* 20 C.F.R. §404.1512(d). That said, the ALJ is not required to act as counsel to develop a claimant's case. *Foreman v. Astrue*, No. 8:09cv932-T-24AEP, 2010 WL 3292810, at *5 (M.D. Fla. Aug. 3, 2010) (*citing Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir.1982). It is Plaintiff's burden to prove that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Plaintiff was advised of his responsibility to provide "any other relevant medical, school or other records not already in the file" when he was sent the evidence in the electronic folder, on June

2, 2012 (R. 312). Thus, the onus was on counsel, not the ALJ, to assure that a complete copy of this exhibit was tendered to the ALJ. The record was as complete, with respect to Dr. Reeves, as counsel chose to make it. *See* 20 C.F.R. § 404.1512(c).

Plaintiff next objects to the ALJ's evaluation of Dr. Reeves' opinion. It is true that the ALJ is obligated to review and evaluate medical opinion evidence. The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) While the ALJ is required to evaluate a physician's opinion, there is nothing on the exhibit tendered to indicate that the opinion was, indeed, that of a physician or other acceptable medical source. The unsigned and undated exhibit was not obtained by the agency from a physician's office but was tendered, as is, by counsel. As the incomplete exhibit was not properly identified or authenticated, the ALJ did not err in giving the exhibit no weight and the ALJ's findings that there are no *medical opinions* indicating disability or function by function assessments demonstrating limitations (R. 44) are supported by the record, as it existed at the time the ALJ reviewed it.

Following the unfavorable decision, counsel submitted the complete report to the Appeals Council (R. 516-519). The Appeals Council determined that the December 2012 opinion of Dr. Reeves did not provide a basis for changing the ALJ's decision because:

> The Administrative Law Judge decided your case through December 31, 2010, the date you were last insured for disability benefits. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled at the time you were last insured for disability benefits.

(R. 2). Plaintiff contends that this, too, is error in that it is "reasonable to infer" that the opinion relates back to the relevant time period, as Dr. Reeves noted a history of multiple injuries to the lower extremity and Plaintiff has had pain and discomfort in both feet (Brief, citing R. 517). This contention fails to persuade.

> As noted by the Eleventh Circuit:
>
> A social security claimant generally is permitted to present new evidence at each stage of the administrative process. See 20 C.F.R. §§ 404.900(b), 416.1470(b); *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council has the discretion not to review the ALJ's denial of benefits. 20 C.F.R. §§ 404.967, 416.1467. However, the Appeals Council must consider "new and material evidence" that "relates to the period on or before the date of [the ALJ] hearing decision" and must review the case if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b), 416.1470(b).

*Timmons v. Commissioner of Social Sec.*, 522 Fed.Appx. 897, 902 (11th Cir. 2013). Here, the opinion is dated almost two years after the date last insured and there is no indication from Dr. Reeves that the limitations he found in 2012 were present two years earlier. Indeed, there is a dearth of evidence prior to the expiration of Plaintiff's insured status that could support these limitations. The only evidence Plaintiff cites is a November 29, 2010 x-ray which revealed *moderate* degenerative changes, soft tissue swelling and ossified bodies along the medial joint (R. 373). There is no finding of the "significant subtalar joint arthrosis" present two years later. The Appeals Council applied proper standards of law and its conclusion is supported by substantial evidence.

*Credibility*

Plaintiff's next contention is that the ALJ failed to apply the correct legal standards to Plaintiff's testimony in that "Dr. Reeves' opinion supported Mr. Matos' testimony, but the ALJ did not properly weigh his opinion." As noted above, however, Dr. Reeves' opinion was not properly presented to the ALJ and the Court finds no error in the ALJ's evaluation of the incomplete exhibit which was presented (Exhibit 21F). Further, the Appeals Council's conclusion that the complete

-8-

opinion was "about a later time" and, therefore, not relevant to the DIB application is also adequately supported. Thus, the full opinion does not effect the credibility determination with respect to the time at issue here. As that is the sole basis raised for objecting to the credibility determination, the Court finds no reason to disturb the ALJ's finding on this ground.

*Obesity*

Plaintiff's last contention is that the ALJ failed to consider the effect of Plaintiff's obesity on his ability to work in that he did not consider Plaintiff's obesity in combination with his severe right ankle impairment. As noted by the Commissioner in her brief, if the medical and other evidence shows a claimant has obesity, the ALJ will consider this condition throughout the disability evaluation. SSR 02-1p, 2000 WL 628049, at *3. The ALJ will consider whether the obesity is severe at step two; whether it, in combination with another impairment, meets a listing at step three; and its effect on the claimant's RFC at steps four and five. *Id.* "The combined effects of obesity with other impairments may be greater than might be expected without obesity," however, an ALJ will not "make assumptions about the severity or functional effects of obesity combined with other impairments." *Id.* at *6.

Applied here, the ALJ considered Plaintiff's weight (R. 40), and found his obesity to be a non-severe impairment, within the meaning of step two (R. 38).[2] At step three, the ALJ noted that he "considered the claimant's impairments singly *and in combination"* and found that "the claimant's conditions have not satisfied the requirements of any listed impairment." (R. 39 emphasis added). *See Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (ALJ's reference to claimant's combination of impairments "evidence[d] consideration" of the impairments' combined

---

[2]The ALJ found: "In addition the claimant was diagnosed with degenerative disc disease, hypertension, high cholesterol and obesity. None of these conditions, alone or in combination with other conditions have significantly limited the claimant's physical and or mental ability to do basic work activities for a consecutive period of twelve months thus are found to be non-severe impairments." (R. 38).

effect); *Hearn v. Commissioner of Social Sec.*, No. 14-15261, 2015 WL 4591811, at *2 (11th Cir. July 31, 2015) (per curiam) (unpublished) ("An ALJ's statement that it has considered a combination of impairments is adequate to meet this standard", *citing Jones*). Next, the ALJ formulated an RFC which found that Plaintiff could perform a lesser range of light work (R. 39). The ALJ also relied on the testimony of the VE at the final steps to determine that Plaintiff was unable to return to past relevant work, but was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (R. 46-47). The record reflects that the ALJ considered this non-severe impairment, singly and in combination with other impairments, and found that it did not result in any limitation not accounted for in the RFC. That finding is supported by substantial evidence. The Court sees no error.[3]

## Conclusion

The administrative decision was rendered in accordance with proper legal standards and is supported by substantial evidence and is therefore **AFFIRMED.** The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on September 17, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[3] Plaintiff's other contentions regarding this impairment are also without merit. Plaintiff identifies no limitation allegedly arising from his obesity that was not adequately considered by the ALJ. Indeed, Plaintiff did not list obesity as a disabling condition in his application or his reports to the agency (R. 250, 261, 285, 290-93) and did not testify that it caused additional limitations. Moreover, his reliance on SSR 96-9p, an agency ruling addressing "implications of a residual functional capacity for less than a full range of sedentary work," is misplaced as the ALJ determined that Plaintiff had an RFC for a reduced range of light work, not sedentary work. *See, e.g., Hart v. Colvin*, No. 5:12cv156-EMT, 2013 WL 4736841, at *15 (N.D. Fla. Aug. 30, 2013) (collecting cases and finding a claim that an ALJ erred by failing to apply SSR 96–9p when assessing his RFC for light work to be "without merit.").